IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

STEVEN E. FORTNEY,

                                                        ORDER

                Plaintiff,

                                                        09-cv-765-slc[1]

    v.

C.O. II LUKE FULLMER and
C.O. II LARRY DILLENBERG,,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Plaintiff Steven Fortney, a prisoner at the Green Bay Correctional Institution in Green Bay, Wisconsin, has filed a proposed complaint for money damages and a request for leave to proceed in forma pauperis. (In addition, he has included with his complaint a $30 check for payment of an initial partial filing fee although the court ordered no such payment.) Because plaintiff has earned three strikes under 28 U.S.C. § 1915(g) for bringing earlier actions that were frivolous, malicious or failed to state a claim upon which relief could be granted, he cannot qualify for in forma pauperis status in a case unless he alleges in his

---

[1] While this court has a judicial vacancy, it is assigning 50% of its caseload automatically to Magistrate Judge Stephen Crocker. For the purpose of issuing this order only, I am assuming jurisdiction over the case.

complaint that he is in imminent danger of serious physical injury. Plaintiff's complaint in this case does not meet the imminent danger requirement. Therefore, his request for leave to proceed in forma pauperis will be denied.

Section 1915(g) reads as follows:

In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

On at least three prior occasions, plaintiff has been denied leave to proceed in forma pauperis on lawsuits containing claims that were frivolous, malicious or failed to state a claim upon which relief may be granted. Fortney v. Reichenberger, 08-cv-646-slc (decided Nov. 17, 2008); Fortney v. Pollard, 09-cv-192-slc (decided Apr. 24, 2009); and Fortney v. Schultz, 09-cv-527-slc (decided Oct. 8, 2009). Therefore, plaintiff cannot proceed in this case unless his complaint sets forth allegations suggesting that he is in imminent danger of serious physical injury.

To meet the imminent danger requirement of 28 U.S.C. § 1915(g), the threat or prison condition must be real and proximate. Ciarpaglini v. Saini, 352 F.3d 328, 330 (7th Cir. 2003) (citing Lewis v. Sullivan, 279 F.3d 526, 529 (7th Cir. 2002)). Allegations of past harm do not suffice. The harm must be imminent or occurring at the time the court

2

considers his request for leave to proceed in forma pauperis. See id. (citing Heimermann v. Litscher, 337 F.3d 781 (7th Cir. 2003)).

In his complaint, plaintiff alleges that on June 12, 2009, defendants used excessive force when they "smashed" plaintiff's head into a cement wall and the cement floor while he was handcuffed and in waist and leg irons. He says that he suffered a head injury and needed stitches in his forehead. These are allegations of past harm. He does not allege that he has experienced any ongoing assaultive behavior, only that he was assaulted on one occasion more than six months ago. Therefore, plaintiff's complaint is not a complaint requiring application of the exception to § 1915(g).

Although plaintiff is disqualified from proceeding in forma pauperis on his claim under § 1915(g), he may choose to pursue this case as a paying litigant. If so, he must submit a check or money order made payable to the clerk of court in the amount of $320 to pay the remainder of the $350 filing fee. If he does this, however, plaintiff should be aware that the court then will be required to screen his complaint under 28 U.S.C. § 1915A, and dismiss his case if the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief.

If plaintiff does not make the $320 payment by January 19, 2010, I will consider that he does not want to pursue this action. In that event, the clerk of court is directed to close

this file.

## ORDER

IT IS ORDERED that plaintiff Steven Fortney's request for leave to proceed in forma pauperis is DENIED because plaintiff is ineligible for in forma pauperis status under 28 U.S.C. § 1915(g).

Further, IT IS ORDERED that plaintiff may have until January 19, 2010, in which to submit a check or money order made payable to the clerk of court in the amount of $320 to pay the remainder of the $350 filing fee. If, by January 19, 2010, plaintiff fails to pay the fee, the clerk of court is directed to close this file.

Entered this 28th day of December, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge